# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2013

Lyle W. Cayce
Clerk

No. 12-60867
Summary Calendar

YOSIEF ABRAHAM GEBREGERGISH,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 200 137

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Yosief Abraham Gebregergish, a native and citizen of Eritrea, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the order of an immigration judge (IJ) denying asylum and statutory withholding of removal, but granting withholding of removal under the Convention Against Torture. Gebregergish contends he was entitled to asylum and to statutory withholding of removal based on past persecution and a well-founded fear of future persecution because of his political opinion, his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

refusal to accept a transfer to the Army, and his membership in a particular social group.

We generally review only the decision of the BIA, not that of the IJ. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). We address purported errors of the IJ only to the extent that they affect the BIA's decision. *Id.* We review factual findings to determine if they are supported by substantial evidence in the record. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). This standard requires only that the agency's conclusion be based on the evidence presented and be substantially reasonable. *Carbajal-Gonzalez*, 78 F.3d at 197. We defer to the agency's decision unless the evidence compels a contrary conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

Gebregergish's evidence shows that he was detained and harshly treated only after telling his commander that he would not accept a transfer to the Army, and that he would have been released had he agreed to the transfer. Although Gebregergish was asked about the political party he supported, there is no indication that he responded to that question and thereby revealed a political opinion. *See Gomez-Mejia v. INS*, 56 F.3d 700, 702 (5th Cir. 1995). Substantial evidence supports the determination that Gebregergish's military detention was not occasioned by his actual or imputed political opinion, by his refusal to accept transfer to the Army.

"International law and Board precedent are very clear that a sovereign nation enjoys the right to enforce its laws of conscription, and the penalties for evasion are not considered persecution." *Paz-Caballero v. INS*, 47 F.3d 427, 1995 WL 71383, *2 (5th Cir. Feb. 2, 1995) (quotation marks and citation omitted) (unpublished).[1] Gebregergish thus cannot establish past persecution based on the punishment he received for refusing to accept transfer to the Army. *See id.*

---

[1] Pursuant to 5th Cir. R. 47.5.3, unpublished opinions prior to January 1, 1996, are precedential.

Neither has Gebregergish established that his fear of future persecution based on his military desertion and pursuit of asylum will support the relief he seeks. Retribution against a military deserter "is not the type of persecution that merits relief from deportation." *Oloson v. INS*, 51 F.3d 1045, 1995 WL 153426, *5 (5th Cir. Mar. 30, 1995) (unpublished). "Prosecution for failure to perform compulsory military service is not persecution, unless 1) the petitioner would be subjected to disproportionately severe punishment on account of political views or 2) the service would have compelled the petitioner to perform inhumane acts outside the ordinary course of war." *Arbabian v. INS*, 995 F.2d 222, 1993 WL 209978, *1 (5th Cir. June 4, 1993) (unpublished). As discussed above, Gebregergish has not demonstrated that his political views are known, and the evidence indicates that his transfer to the Army would not have involved a change in the work he performed.

Gebregergish's contention that he was subject to past persecution and has a well-founded fear of future persecution because of his membership in the group of "Eritrean national service members who refused to submit to involuntary servitude" is unavailing. The proposed social group consists of persons who refused military service and, as discussed above, penalties for evading military service and military desertion are not considered persecution. *See Oloson*, 1995 WL 153426, *5; *Paz-Caballero,* 1995 WL 71383, *2. In view of the foregoing, Gebregergish has not established error in the denial of asylum and statutory withholding of removal.

Finally, Gebregergish contends that the IJ and the BIA erred in failing to find that he was eligible for humanitarian asylum. As this issue was not exhausted, we shall not consider it. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

The petition for review is DENIED.